# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD DELL VANN NELSON,<br>Plaintiff,<br><br>v<br><br>PENNROSE MANAGEMENT REGIONAL,<br>PENNROSE MANAGEMENT NATIONAL<br>*and* MS THERESA YANCY,<br>Defendants. | 2:14-cv-1063 |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is a MOTION TO DISMISS (ECF No. 4) filed by Defendants (collectively, "Pennrose") on August 14, 2014, with a brief in support. The Court ordered Plaintiff Harold Dell Vann Nelson ("Nelson") to respond to the motion on or before September 4, 2014. To date, Plaintiff has failed to file a response. He did, however, file a Motion for the Appointment of Counsel, which the Court denied. Accordingly, the pending motion will be resolved without the benefit of a response from Nelson.

Factual Background

Plaintiff originally filed a pro se Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on June 25, 2014. Pennrose timely and properly removed the case to this Court based on federal question jurisdiction.

Plaintiff is a resident of the Widow's Home, a housing complex in the historic Mexican War Streets area of the North Side of Pittsburgh, Pennsylvania. The housing complex is managed by Pennrose. Defendant Theresa Yancy is the building manager. On May 30, 2013, Plaintiff notified Defendants that he intended to change his television service from Comcast to

Direct TV. Yancy telephoned Plaintiff and instructed him to cancel the installation of Direct TV. Plaintiff contends that Pennrose permits the use of Direct TV by an unnamed "non-disabled – non-senior female tenant at the Widow's Home."

Plaintiff alleges that Defendants' conduct violated the Civil Rghts Act of 1964, the Fair Housing Acts of 1968 and 1988, and the Equal Protection clause of the Constitution by discriminating against him on the basis of his sex, age and/or disability. Plaintiff also alleges that Defendants violated the "Over the Air Reception Devices Rule" in § 207 of the Telecommunications Act of 1966, 47 U.S.C. § 207, and 47 C.F.R. § 1.4000.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement

to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Discussion

Defendants ask the Court to dismiss the Complaint with prejudice. Defendants contend that this lawsuit is barred by the doctrine of Estoppel by Contract. Defendants cite Section 17(f) of Plaintiff's Lease, which is attached to the motion, and provides: "Antenna: Tenant agrees not to install or attach to the building any antenna or satellite dish." Plaintiff specifically initialled

4

this term of the lease.  Because Plaintiff's claims arise out of his lease and its authenticity is undisputed, the Court will consider the lease in resolving the motion to dismiss.  *See Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A)*, --- F.3d ----, 2014 WL 4783665 at * 3 (3d Cir. September 26, 2014).  The Court agrees with Defendants.   It would be inequitable for the Court to award the relief sought in this lawsuit because Plaintiff contractually promised in the lease to not install a satellite dish.

In addition, Defendants contend that Plaintiff's claim under the Telecommunications Act must be dismissed because the Act does not create a private right of action by a tenant against a landlord.  The Court agrees with Defendants.  The plain text of 47 U.S.C. § 207 provides a private right of action against a "common carrier," i.e., a cable provider.  A landlord is not a "common carrier."  Similarly, the regulation cited by Plaintiff in the Complaint, 47 C.F.R. § 1.4000, prevents restrictions "on property within the exclusive use or control of the antenna user."  It appears from the face of the Complaint, and the exhibits attached thereto, that the installation of Direct TV would require access to common areas which are not within the exclusive use and control of Plaintiff.  *See 2682 Kingsbridge Assoc., LLC v. Martinez*, 782 N.Y.S.2d 496, 497 (N.Y. Sup. Ct. 2004)(eviction of tenant for installation of satellite dish not barred by Telecommunications Act).  Moreover, as Defendants correctly point out, pursuant to 47 C.F.R. § 1.4000(e), the Federal Communications Commission ("FCC"), not the courts, retains exclusive jurisdiction to enforce this rule.

Because the Court concludes that the Complaint must be dismissed on these grounds, it need not address Defendants' remaining arguments.

Leave to Amend

Defendants ask the Court to dismiss the Complaint with prejudice. The Court cannot agree. Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The interests of justice are enhanced when the Plaintiff is pro se and is attempting to articulate a civil rights claim, such that a court should provide leave to amend, even if the Plaintiff does not request it. *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008). However, a plaintiff should not be allowed to amend a complaint if such amendment would be inequitable or futile.

Based on the existing record, the Court harbors significant doubt as to whether Plaintiff will be able to re-plead a valid claim. Nevertheless, in the absence of any apparent prejudice to Defendants, he will be afforded an opportunity to do so. The Court cautions that if Plaintiff chooses to file an amended complaint, it will be important to assure that it contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth in *Twombly* and *Phillips,* because the Court is unlikely to afford him a third opportunity.

Conclusion

In accordance with the foregoing, the MOTION TO DISMISS (ECF No. 4) will be **GRANTED**. The Complaint will be dismissed. If Plaintiff seeks to file an amended Complaint, he must do so on or before November 4, 2014.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD DELL VANN NELSON,<br>          Plaintiff,<br><br>          v<br><br>PENNROSE MANAGEMENT REGIONAL,<br>PENNROSE MANAGEMET NATIONAL<br>*and* MS THERESA YANCEY,<br>          Defendants. | )<br>)<br>)<br>)  2:14-cv-1063<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 14th day of October, 2014, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the MOTION TO DISMISS (ECF No. 4) is **GRANTED** and the Complaint is dismissed.

If Plaintiff seeks to file an amended Complaint, he must do so on or before November 4, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **HAROLD DELL VANN NELSON**
        308 N. Taylor Avenue - #202
        Pittsburgh, PA 15212
        Via US MAIL

        **Samuel H. Foreman, Esquire**
        Email: sforeman@wglaw.com