IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

HAROLD DELL VANN NELSON,

    Plaintiff,

vs.

PENNROSE MANAGEMENT REGIONAL, PENNROSE MANAGEMENT NATIONAL and MS. THERESA YANCY,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 14-CV-1063
JUDGE MCVERRY

## BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

This matter was originally filed by Harold Dell Van Nelson, representing himself, who brought several causes of action arising out of his landlord's refusal to permit him to have Direct TV install a satellite dish so that he could obtain television service from a provider other than Comcast, which he presently accesses through cable. This matter was removed to this Court on federal question jurisdiction. Defendants are his landlord, Pennrose Management, and building manager, Theresa Yancy. Plaintiff's Complaint asserted claims of discrimination on the basis of sex, age, and disability under the Civil Rights Act of 1964 and Fair Housing Act. He also asserted a violation of the equal protection clause of the Fourteenth Amendment, and a cause of action under the FCC act.

Defendants moved to dismiss Plaintiff's Complaint. The Court granted the Motion, issuing a Memorandum Opinion and Order on Oct. 14, 2014 (Docket at #7). The Court also gave Plaintiff the opportunity to attempt to amend the Complaint, while expressing its "significant doubt" that the claim could be replead in such fashion to survive a Motion to Dismiss.

On Nov. 3, 2014, Plaintiff filed an Amended Complaint by and through counsel. (Docket at #10). The Amended Complaint is narrower in focus, and states a single claim that because Mr. Vann Nelson has been prohibited from installing a Direct TV antenna, while there is a female tenant in the same complex who has a Direct TV antenna in apparent violation of the rules, he is being discriminated against in housing on the basis of his gender in violation of the Fair Housing Act and Title VIII. Defendants now renew their Motion to Dismiss. Plaintiff's Amended Complaint merely provides a more narrowly focused Complaint which raises one of the same claims already included in the original Complaint, and which should likewise be dismissed.

The facts of the case are unchanged and the legal argument is simply narrower in this Amended Complaint. Plaintiff claims that because he is not allowed to install a Direct TV antenna on the roof of the building, while one female tenant in the complex, who lives in a townhome (as opposed to a non-ground floor apartment like Mr. Vann Nelson), has improperly installed such an

antenna at ground level, he has been a victim of discrimination on the basis of his gender. The Fair Housing Act does make it unlawful to discriminate in housing on the basis of gender. Brillhart v. Sharp, 2008 U.S. Dist. LEXIS 55624, 23-24, 2008 WL 2857713 (M.D. Pa. 2008). Defendants move to dismiss the Amended Complaint, however, because it fails to state a colorable claim that Mr. Vann Nelson has been a victim of discriminatory animus, and his claim is barred by the doctrine of Estoppel by Contract, because his lease prohibits him from installing an antenna on the building.

The following argument is that which was set forth in the Defendants' first Motion to Dismiss, which Defendants will reassert, here:

> Plaintiff's entire Complaint can be dismissed based upon the language of the contract Mr. Vann Nelson signed in 2006 to lease the premises. In simple and unsophisticated language, the Lease provides:

> *JrNrN* 17. TENANT'S RESPONSIBILITIES

> \* \* \* \*

> (Exh. A, p. 6 of 17). Besides signing the Lease, Mr. Vann Nelson also initialed the section setting forth his agreement not to install a satellite dish. Plaintiff is estopped from asking a Court to order what he has already agreed to refrain from doing.

> "Where the language of a contract is plain and unambiguous, the court will not resort to construction but will enforce the contract according to its terms." Shipley v. Pittsburgh & L. E. R. Co., 83 F. Supp. 722, 741 (W.D. Pa. 1949), citing, New York Life Ins. Co. v.

Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. 1329; Great Lakes Towing Co. v. Bethlehem Transportation Corporation, 6 Cir., 1933, 65 F.2d 543.  "Pennsylvania rules of contract interpretation require this Court to 'ascertain and give effect to the intent of the contracting parties.'" Westmoreland Opportunity Fund, L.L.C. v. Zappala, 2014 U.S. Dist. LEXIS 94091, 15, 2014 WL 3420129 (W.D. Pa. 2014), citing Murphy v. Duquesne University, 565 Pa. 571, 777 A.2d 418, 429 (Pa. 2001).  "Such intent is to be determined from reading the entire agreement as a whole and '[c]ourts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed.'"  Id.

Furthermore, Plaintiff's suit is barred by the doctrine of Estoppel by Contract.  "Estoppel by contract is a form of "quasi estoppel' based upon the idea that a party to a contract will not be permitted to take a position inconsistent with its provisions, to the prejudice of another."  Mashuda v. W. Beef, Inc., 527 F. Supp. 887, 893 (W.D. Pa. 1981).  "[E]stoppel by contract, is where a party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect."  People v. Young, 2013 IL App (1st) 111733, , 2 N.E.3d 445, 456.

Mr. Vann Nelson has contractually promised not to seek to install a satellite dish as a material term of his lease.  He is foreclosed from seeking to compel the landlord to provide him with something he has agreed not to do.  This is not unfair, nor is it a violation of his civil rights.  Mr. Vann Nelson is not being forced to reside at the Widow's Home, and is free to seek out other lodgings with terms he finds more to his liking.

Plaintiff's Amended Complaint is devoid of any allegation that Mr. Vann Nelson has been treated differently than the other tenant whom he claims has a Direct TV satellite dish in violation of the lease terms *because of* his gender.  Plaintiff fails to assert anything other than that he is male, and the offending tenant is female.  There is nothing in the Amended Complaint to suggest that the

Defendant has adopted a policy or practice of favoring female tenants, or that the fact that the offending tenant is female is anything other than a fortuitous accident (fortuitous only to his claim that he is being discriminated against). Furthermore, Plaintiff's Amended Complaint fails to recognize that Defendants could remedy the alleged discrimination without affording Mr. Vann Nelson any relief whatsoever. If Mr. Vann Nelson believes he has been treated in a discriminatory fashion because a female tenant (in a different type of unit) has a satellite dish, then the Defendants could remedy the problem by making the other tenant remove her Direct TV antenna, instead of by allowing Mr. Vann Nelson to have one, too.

Defendants will also reassert, herein, their original argument *vis-a-vis* the Fair Housing Act claim, which Mr. Vann Nelson has now renewed:

> Defendants observe that Mr. Vann Nelson does not contend that Defendants have intentionally discriminated against him on the basis of his gender, age, or disability. Rather, he merely contends that because he was not allowed to install Direct TV, he has been discriminated against, ipso facto. All he has really done, in furtherance of these claims, is to point out the differences between himself and the tenant who has not been ordered to remove her satellite dish – at least those factors which he perceives to differentiate himself from the other tenant – and claimed that this is discrimination. Furthermore, Mr. Vann Nelson does not assert a "disparate impact" theory, i.e., that this policy of Pennrose, in spite of its intentions, has an inherently discriminatory impact on every renter based on their age, gender, or disability. Based on the facts as alleged in the Complaint, there is one tenant who has a Direct TV antenna, and no other tenants do. While it might appear unfair that one tenant has Direct TV and nobody else does, there is no fact alleged in the Complaint from which it might be reasonably construed that there was any discriminatory intention or even effect in this disparity. Mr. Vann

Nelson asserts that Defendants violate the Equal Protection clause by letting only one tenant have Direct TV. The Equal Protection clause does not mandate equal treatment of all individuals. It prohibits unequal treatment which is based upon a person's membership in a protected class. There is no fact alleged to suggest that this is the case.

Accordingly, Defendants assert that Plaintiff's remaining claims under the Fair Housing Act, Civil Rights Acts, and equal protection clause be dismissed with prejudice as they are essentially frivolous.

Defendants assert that Plaintiff's Amended Complaint fails to state any claims beyond those which were already considered and dismissed in the Court's previous Order, nor does anything asserted in the Amended Complaint warrant reconsideration of the Court's holding. Defendants accordingly move to dismiss the Plaintiff's Amended Complaint.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP

BY: /s/
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP
603 Stanwix St., Suite 1450
Pittsburgh, PA 15222

## **CERTIFICATE OF SERVICE**

    I, Samuel H. Foreman, Esquire, hereby certify that on this date a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** was sent by first class United States mail, postage prepaid, to the following:

Harold Dell Vann Nelson,
308 N. Taylor Avenue #202,
Pittsburgh, PA  15212

        /S/ Samuel H. Foreman
        Samuel H. Foreman, Esquire

Dated:    12/01/2014

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

HAROLD DELL VANN NELSON,

    Plaintiff,                        CIV. ACTION NO. CIV. ACTION NO.
                                          14-CV-1063
    vs.                              JUDGE MCVERRY

PENNROSE MANAGEMENT
REGIONAL, PENNROSE
MANAGEMENT NATIONAL and MS.
THERESA YANCY
,

    Defendants.

## ORDER

AND NOW, this <u>1</u> Day of <u>December</u>, 2014, upon consideration of Defendant's **MOTION TO DISMISS AMENDED COMPLAINT**, it is hereby ORDERED that said Motion is GRANTED.

                                                                                       _____, J.