**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **HAROLD DELL VANN NELSON,** **Plaintiff,** | ) ) ) |
| **v** | ) **2:14-cv-1063** ) |
| **PENNROSE MANAGEMENT REGIONAL,** **PENNROSE MANAGEMENT NATIONAL** *and* **MS THERESA YANCY,** **Defendants.** | ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is a MOTION TO DISMISS Plaintiff's Amended

Complaint (ECF No. 13) filed by Defendants (collectively, "Pennrose"), with a brief in support.

Plaintiff Harold Dell Vann Nelson ("Nelson"), who is now represented by counsel, filed a

response in opposition to the motion. Defendants filed a reply brief. The motion is now ripe for

disposition.


Factual Background

Plaintiff originally filed a pro se Complaint in the Court of Common Pleas of Allegheny

County, Pennsylvania on June 25, 2014. Pennrose timely and properly removed the case to this

Court based on federal question jurisdiction and filed a motion to dismiss the pro se Complaint.

Nelson did not file a response. On October 14, 2014, the Court granted Defendants' motion to

dismiss, but gave Nelson leave to amend his Complaint. The Court cautioned that "if Plaintiff

chooses to file an amended complaint, it will be important to assure that it contains sufficient

factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set

forth in *Twombly* and *Phillips,* because the Court is unlikely to afford him a third opportunity."

Attorney Tracey M. Lewis entered her appearance on behalf of Nelson and filed an Amended Complaint on November 3, 2014. The facts remain essentially unchanged. Plaintiff is a resident of the Widow's Home, a housing complex in the historic Mexican War Streets area of the North Side of Pittsburgh, Pennsylvania. The housing complex is managed by Pennrose. Defendant Theresa Yancy is the building manager. On May 30, 2013, Plaintiff notified Defendants that he intended to change his television service from Comcast to Direct TV. Yancy telephoned Plaintiff and instructed him to cancel the installation of Direct TV and refused to provide access to the roof for that purpose. Plaintiff contends that Pennrose has continued to permit the use of Direct TV by a female tenant at the Widow's Home since April 2012. Plaintiff contends that the Direct TV antenna is installed outside of the female tenant's town home, in violation of her lease, and is visible to the public.

The Amended Complaint asserts only one legal theory. Plaintiff now contends that Defendants' conduct constitutes sex discrimination in violation of Title VIII of the Civil Rights Act of 1964, the Fair Housing Acts of 1968 and 1988, 42 U.S.C. § 3604(a).

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic*

*Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and

"accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with

nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

<u>Discussion</u>

Defendants ask the Court to dismiss the Amended Complaint with prejudice. Defendants recognize that the Fair Housing Act makes it unlawful to discriminate in housing on the basis of gender. Nevertheless, Defendants contend that Plaintiff has failed to state a valid claim because he cannot plead any facts to show that he was denied the ability to install a Direct TV antenna because he is a male. Defendants also renew their contention that this lawsuit is barred by the doctrine of Estoppel by Contract.[1]

At the pleading stage, "a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009). However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* Similarly, "[w]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1950 (internal citation omitted).

To establish a prima facie "reverse discrimination" case, Nelson must show that the less favorable treatment was based on a trait protected by Title VIII. *Koller v. Riley Riper Hollin & Colagreco*, 850 F.Supp.2d 502, 517 (E.D. Pa. 2012). The facts must support an inference that Nelson was treated less favorably because of his protected trait -- in this case, his gender. It is

---

[1] Defendants cite Section 17(f) of Plaintiff's Lease, which provides: "Antenna: Tenant agrees not to install or attach to the building any antenna or satellite dish." Plaintiff points out that a similar provision is also in the female resident's lease, but Defendants have apparently waived that provision.

5

not enough for Nelson to plead merely that a female tenant was permitted to install Direct TV. Instead, Nelson must plead facts sufficient to support a plausible inference that the female tenant was permitted to install Direct TV while he was not permitted to do so "*because of*" their gender.  42 U.S.C. § 3604(a).

In this case, Nelson has had two opportunities to plead sufficient facts to support his claim that he was treated differently from the female tenant regarding Direct TV because of his gender.  He has failed to do so.  There is no basis to infer that the alleged disparate treatment is based on the tenants' gender, as opposed to some other, non-discriminatory reason (such as town home vs. apartment; second floor vs. ground floor; installation on the ground outside vs. attachment to building; etc.).  In sum, the Amended Complaint falls short of the line between possibility and plausibility.

Leave to Amend

Defendants ask the Court to dismiss the Complaint with prejudice.  Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires." However, a plaintiff should not be allowed to amend a complaint if such amendment would be inequitable or futile.

The Court previously provided Plaintiff with an opportunity to file an amended complaint.  Plaintiff is now represented by counsel.  The Amended Complaint is factually similar to the initial Complaint.  For the reasons explained above, the Amended Complaint also fails to set forth a cognizable claim.  A third bite at the apple would not be equitable.

<u>Conclusion</u>

In accordance with the foregoing, the MOTION TO DISMISS (ECF No. 13) will be

**GRANTED**.  The Amended Complaint will be dismissed with prejudice.

An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD DELL VANN NELSON,<br>**Plaintiff,**<br><br>v<br><br>PENNROSE MANAGEMENT REGIONAL,<br>PENNROSE MANAGEMET NATIONAL<br>*and* MS THERESA YANCEY,<br>**Defendants.** | ) ) ) ) **2:14-cv-1063**<br>) ) ) ) ) ) ) |

## <u>ORDER OF COURT</u>

AND NOW, this 14th day of January, 2015, in accordance with the foregoing

Memorandum Opinion, **IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that

the MOTION TO DISMISS (ECF No. 13) is **GRANTED** and the Amended Complaint is

dismissed with prejudice.  The clerk shall docket this case closed.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:  **HAROLD DELL VANN NELSON**
308 N. Taylor Avenue - #202
Pittsburgh, PA 15212
Via US MAIL

**Tracey M. Lewis**
Email: tmclewis@gmail.com

**Samuel H. Foreman, Esquire**
Email: sforeman@wglaw.com